## O. W. YOUNG, A CORPORATION, v. IRENA SPAGNUOLA.

Argued November 5, 1908—Decided February 23, 1909.

An appeal from the judgment of a District Court cannot be taken as a matter of fact, but as to matter of law only. The finding of the trial court on matters of fact is conclusive on appeal if there is any evidence upon which to found it.

---

On appeal from the Second District Court of the city of Newark.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellee, *Riker & Riker.*

For the appellant, *James M. Trimble.*

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the Second District Court of Newark. The action was brought against Irena Spagnuola, the wife of Vincenzo Spagnuola, on a book account, the first item of which is $22, under date of October 3d, 1906, and the last, September 3d, 1907, together with credits running from October 29th, 1906, to and including August 27th, 1907. Judgment was given for $176.18, being the amount claimed with interest.

The state of the case shows that it was admitted that the account constituted a correct statement of the goods delivered and that the only question to be decided was whether the goods had been sold to the defendant or to her husband.

The grounds specified for reversal are—(*a*) that there is no evidence to show that goods were sold to the defendant; (*b*) that if the goods were charged to the wife it was done with full knowledge that they were supplied to husband's business; (*c*) that the motion for nonsuit should have been granted.

It appears that previous to October 9th, 1906, an account was in existence between the plaintiff and the husband of the defendant; that on the last date the plaintiff wrote to his agent, Mr. Asnis, not to sell any more goods to the husband of the defendant, but to sell to the defendant; that on receipt of that letter the agent called at the store and saw the defendant, showed her the letter and stated to her that in the future he could sell no goods to her husband, but was authorized to sell to her; that the defendant took the letter, showed it to her daughter who explained it to her, and thereupon stated that she would purchase the goods. This is denied on the part of the defendant.

The case was tried by the court without a jury. It was a question of fact to whom credit was given and sales were made. There was evidence from which the trial judge sitting as a jury might find that the goods were sold upon the wife's credit. An

appeal cannot be taken as to facts, but on matter of law only. The finding of the trial court on matters of fact is conclusive here.

It appears that by the state of demand the first item on the bill is "fifty gallons, $22," under date of October 3d, 1906. Evidently this was not chargeable to the wife because it is not claimed by the plaintiff that the credit was given to the wife until after the letter of October 9th, 1906. A corresponding credit of $22 appears in the credit items on November 9th, 1906. This has not been alleged as a cause for reversal and no point has been made of the application of payments, hence this matter is excluded from the consideration of this court.

The judgment will be affirmed.